# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN PARDUSKI, | : | Civil No. 1:19-CV-01280 |
| Plaintiff | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| ANDREW M. SAUL, | : | |
| Commissioner of Social Security, | : | |
| Defendant | : | |

# ORDER
April 6, 2020

This is a social security action brought under 42 U.S.C. § 405(g). The plaintiff Colleen Parduski seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act. One of the claims that Ms. Parduski raises is that the Administrative Law Judge ("ALJ") that decided her case was not properly appointed under the Appointments Clause of the United States Constitution. U.S. CONST. art. II, § 2, cl. 2. She seeks remand to a different, properly appointed ALJ for a new hearing. *See doc. 12* at 15.

"The Appointments Clause of the Constitution lays out the permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees." *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2049

(2018). Under the Appointments Clause, "[o]nly the President, a court of law, or a head of [a] department can" appoint an officer of the United States. *Id*. at 2051. Non-officer employees, on the other hand, need not be so appointed. *Id*. In *Lucia*, the Supreme Court held that ALJs with the Security and Exchange Commission qualify as officers under the Appointments Clause. *Id*. at 2049. In *Lucia*, it was not in dispute that the ALJ there was not appointed in accordance with the Appointments Clause. *Id*. at 2051. Thus, after ruling that the ALJ was an officer under the Appointments Clause, the Supreme Court considered the proper remedy in that case—remand for a new hearing before a different ALJ. *Id*. at 2055. In the course of that discussion, the Supreme Court stated that it "has held that 'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Id*. (quoting *Ryder v. United States*, 515 U.S. 177, 182 (1995)). And it concluded that "Lucia made just such a timely challenge: He contested the validity of [the ALJ]'s appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court." *Id*.

Relying on *Lucia*, Ms. Parduski contends that ALJ that decided her case was an officer under the Appointments Clause, but he was not appointed in accordance with that clause. *See doc. 12* at 12–15. The Commissioner does not dispute that

2

ALJs with the Social Security Administration qualify as officers under the Appointments Clause. *See doc. 19* at 15 n.4. But the Commissioner contends that Ms. Parduski forfeited her Appointments Clause claim by failing to raise it at the administrative level. *Id*. at 14–29.

Recently, the United States Court of Appeals for the Third Circuit held that Social Security "claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency." *Cirko v. Comm',r of Soc. Sec.*, 948 F.3d 148, 153 (3d Cir. 2020).[1] In accordance with *Cirko*, we will vacate the decision of the Commissioner here and remand this case for a rehearing before a different, constitutionally appointed ALJ.[2]

---

[1] The decision in *Cirko* addressed the claims of two separate claimants—Cirko and Bizarre. *Id*. at 152. The Commissioner appealed the district court's opinions as to both Cirko and Bizarre to the Third Circuit, and the Third Circuit consolidated those appeals. *See Cirko v. Commissioner,* No. 19-1772 (3d Cir. May 15, 2019); *Bizarre v. Commissioner*, No. 19-1773 (3d Cir. May 15, 2019). After issuing its decision as to the consolidated appeals and after denying the Commissioner's motion for rehearing and rehearing in banc, the Third Circuit issued its mandate in both Cirko's case and Bizarre's case on April 3, 2020. *See Cirko,* No. 19-1772 (3d Cir. Apr. 3, 2020); *Bizarre*, No. 19-1773 (3d Cir. Apr. 3, 2020).

[2] Given that we are remanding on that basis, we do not address Ms. Parduski's other claims. *See Robinson v. Saul*, No. CV 19-057, 2019 WL 4077643, at *1 (E.D. Pa. Aug. 28, 2019) ("Since the ALJ's decision was a nullity based on Lucia, we do not address the merits of petitioner's additional claims because a new ALJ must conduct a de novo review on remand.").

Based on the foregoing, **IT IS ORDERED** that the stay previously entered in this case is **LIFTED**. **IT IS FURTHER ORDERED** that the decision of the Commissioner is **VACATED**, and this matter is **REMANDED** to the Commissioner for rehearing before a different, constitutionally appointed ALJ. After entering judgment in favor of Ms. Parduski and against the Commissioner as set forth in the prior sentence, the Clerk of Court shall close this case.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
Chief United States Magistrate Judge